IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/30/17

ROBERT CROSBY and JOHN LEWIS, on
behalf of themselves and all others similarly
situated,

Plaintiffs,

-against-

LASERSHIP, INC. and MAHMOUD, INC.;

Defendants.

No: 15 Civ. 8694 (GWG)

## [PROPOSED] FINAL JUDGMENT AND ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement, the supporting memorandum of law and the Declaration of Joseph A. Fitapelli and exhibits thereto, the oral arguments presented at the June 29, 2017 Fairness Hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

## IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:

1.    This Order incorporates by reference the definitions in the parties' Joint Stipulation of Settlement and Release (the "Settlement Agreement") dated December 7, 2016.

2.    This Court approves the settlement and all terms set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Sanchez v IMP Ventures LLC, 2015 WL 539506 (SDNY November 13, 2015). Sukhnandan v. Royal Health Care of Long Island LLC, No. 12 Civ. 4216 (RLE), 2014 WL 3778173, at *4 (S.D.N.Y. July 31, 2014)*.

3.    The Court certifies the following classes under Fed. R. Civ. P. 23(e) (the "Classes") for settlement purposes:

1

**NYLL Class**: Includes the Named and Opt-in Plaintiffs and all individuals who worked as foot-messengers or walkers at Lasership, Inc.'s facility located at 237 W. 29th Street, New York, NY (the "NYC facility") from November 5, 2009 until August 11, 2016.

**FCRA Class**: All individuals who worked as foot-messengers or walkers at Lasership, Inc.'s NYC facility who: (1) applied for employment with Defendant from October 4, 2014 until August 11, 2016; (2) executed a release and consent form; and (3) for whom Defendants retained a "consumer report" within the meaning of the FCRA, which was procured by Defendants.

4. For the purposes of settlement, the Court finds that the Classes meet the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

5. In addition, Plaintiffs' counsel meets the adequacy requirement of Rule 23(a)(4) and the Court certifies Plaintiffs' counsel as Class Counsel, and the named Plaintiffs as the Class Representatives.

6. The Court finds reasonable the service award for the Named Plaintiffs Robert Crosby and John Lewis in the amount of $5,000 each in recognition of the services they rendered on behalf of the Class. The amount shall be paid from the settlement fund.

7. The Court grants Class Counsel's request for $200,000, which is 33.3% of the settlement, and reimbursement of $5,392.40 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims.

8. If no party seeks reconsideration or rehearing of this Order, the "Effective Date" of the settlement will be 30 days after the Order is entered.

9. If rehearing or reconsideration of this Order is sought, the "Effective Date" of the

2

Settlement will be after any and all avenues of rehearing or reconsideration is permitted, and the time for seeking such review has expired, and the Judgment and rulings on the service award and attorneys' fees and reasonable costs have not been modified, amended or reversed in any way.

10.     Within fifteen (15) days after the Effective Date, Defendants will deposit funds sufficient to pay all Class Members' claims, any Court-approved service payment, any Court-awarded attorneys' fees and expenses, and any payment to the claims administrator.

11.     The claims administrator will disburse settlement checks to Class Members, Court-approved attorneys' fees and expenses, and the Court-approved service award within twenty (20) days after the Effective Date. *Plaintiffs' counsel shall make the additional efforts described at the fairness hearing to locate and re-send checks to (1) any class members who have not yet been located and (2) any class members whose checks are returned in the mail.*

12.     The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement.

13.     The parties shall abide by all terms of the Settlement Agreement.

*14. The resolution of the FLSA claim is approved as fair and reasonable.*

*15. The Clerk is directed to close this case.*

It is so ORDERED this 29th day of June, 2017.

_____

Hon. Gabriel W. Gorenstein, United States Magistrate Judge

3